**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE OSVALDO MARAVILLA-
HERNANDEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   14-73264

Agency No. A087-589-839

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2020[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Jose Osvaldo Maravilla-Hernandez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

§ 1252, and we dismiss in part and deny in part the petition.

We lack jurisdiction to consider Maravilla-Hernandez's contentions regarding a pattern or practice of persecution, humanitarian asylum, and administrative closure because he did not raise these contentions before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

The BIA did not err in concluding that Maravilla-Hernandez failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate social group membership, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 744–46 (9th Cir. 2008) (holding that young men who resist gang violence in El Salvador do not constitute a particular social group), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013); *Reyes*, 842 F.3d at 1138–40 (rejecting "deportees from the United States to El Salvador" as a particular social group); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus,

14-73264

Maravilla-Hernandez's asylum and withholding claims fail. We need not address the agency's alternative conclusion that his claim for asylum was untimely.

Substantial evidence supports the agency's denial of CAT protection because Maravilla-Hernandez failed to show he will more likely than not be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION DISMISSED in part and DENIED in part.**